UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CONAGRA FOODS, INC. | ) | |
| | ) | |
| v. | ) | NO. 2:10-CV-76 |
| | ) | |
| UNITED STEEL, PAPER and FORESTRY, | ) | |
| RUBBER, MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL and SERVICE | ) | |
| WORKERS INTERNATIONAL UNION | ) | |
| Local Union No. 7198, | ) | |

**O R D E R**

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated January 18, 2011. In that Report and Recommendation, the Magistrate Judge recommends that the plaintiff's Motion for Summary Judgment, [Doc. 16], be denied and that the defendant's Motion for Summary Judgment, [Doc. 18], be granted to the extent that this Court order that the Arbitrator's Award should be enforced promptly, but denied to the extent that United Steelworkers requests an award of prejudgment interest on behalf of Mr. Cheek. The plaintiff filed objections to the Report and Recommendation, [Doc. 29], and the defendant filed a response, [Doc. 30].

1

After careful and *de novo* consideration of the record as a whole, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that the plaintiff's objections are **OVERRULED**. It is further **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 28], with modification. It is also **ORDERED** that plaintiff's Motion for Summary Judgment, [Doc. 16], be **DENIED** and that defendant's Motion for Summary Judgment, [Doc. 18], be **GRANTED** to the extent that this Court **ORDERS** that the Arbitrator's Award be enforced promptly but **DENIED** to the extent that United Steelworkers requests an award of prejudgment interest on behalf of Mr. Cheek.

Plaintiff objects to the Magistrate Judge's Report and Recommendation and argues again that the Arbitrator acted outside the scope of his authority. More specifically, the plaintiff alleges that he acted outside the scope in that "he (1) found 'just cause' for some form of discipline, yet proceeded to reduce the disciplinary penalty despite that the CBA vests the Company with the *exclusive right* to determine the appropriate level of discipline upon a finding of just cause; and (2) based his opinion on what he found to be improper behavior by *the Company*." Despite this allegation, this Court determines, as did the magistrate judge, that the Arbitrator did

2

not act outside the scope of his authority, but he decided the precise issue presented to him.

To be sure, the Arbitrator framed this issue, which was agreed upon by the parties, in his decision as follows: "Did the Employer have just cause to terminate James Cheek on or about April 10, 2009? If not, what is the appropriate remedy?" In addition, ConAgra stated in it's Post-Arbitration Brief that the Stipulated Statement of the Issues was, "Did ConAgra have just cause to terminate James Cheek on or about April 10, 2009, and, if not, then what is the remedy?" Thus, this is clearly the only issue before the Arbitrator.

In determining this limited issue, the Arbitrator stated unequivocally, "The totality of the evidence leads to the conclusion that there wasn't just cause to terminate the employment of Mr. Cheek. The incidents in 2009 do not satisfy the just cause standard." It was only after this clear determination that the Arbitrator went on to fashion some form of discipline he thought was appropriate. While it is true that the CBA vests the Company with the exclusive right to determine the appropriate level of discipline, this right is vested upon a finding of just cause. Rightly or wrongly, the Arbitrator did not find just cause for the termination. Anything done after this determination, the only determination for which he was to decide per the agreement of the parties, is irrelevant.

As such, the Arbitrator decided the precise issue the parties presented to him, i.e. just cause for the termination. ConAgra essentially argues that the Arbitrator was just wrong in his determination of just cause. To justify this, ConAgra then argues that the Arbitrator stepped outside the scope of his authority **after** he made his determination in fashioning a form of discipline and that his decision was based on improper behavior by the Company. ConAgra cites two cases in support of its latter contention, *HMC Management Corporation v. Carpenters District Counsel*, 750 F.2d 1302, 1304 (5th Cir. 1985) and *Maryland Cup Corporation v. United Bakery and Confectionary Workers Union, Local 15*, 1986 WL 189 (N.D. Ill. Apr. 16, 1986). Both of these cases are not binding on this Court, and they are distinguishable.

ConAgra argues that the Court in *HMC Manangement* remanded the arbitrator's award because it rested upon the arbitrator's improper opinion of employer behavior. However, that Court stated that the arbitrator failed to base his opinion on the lack of just cause and "[h]ad the arbitrator done so, [the court] would be constrained to enforce the award." *HMC Management*, 750 F.2d at 1304. In the present case, the Arbitrator specifically found a lack of just cause for the termination.

In *Maryland Cup Corporation*, the arbitrator specifically found that the grievant had engaged in misconduct, but concluded that the company lacked just cause because it had denied the grievant due process during the investigation. *Maryland*

4

*Cup Corporation*, 1986 WL 189, at *3-4. That court also stated, "Had the arbitrator in this case found that just cause to discharge the grievant did not exist– perhaps that the Company's version of events lacked credibility, or that the grievant's actions were not sufficient reason for dismissal–then the Company would have little cause for complaint. It bargained for an arbitrator's judgment and cannot expect a court to intervene when that judgment is exercised, as long as it is exercised within the boundaries of the agreement." *Id*. at *2.

This is exactly what happened in the present case. Even if it were not the case, *Maryland Cup Corporation* is not biding upon this Court. While the Arbitrator found that Mr. Cheek was stealing time, he also considered the record as a whole including the quality of Mr. Cheek's work. He unequivocally found that there was not just cause to terminate. ConAgra bargained for his judgment, and this Court will not intervene simply because ConAgra feels it was the wrong decision.

The Court finds that the matter is clearly set forth by the filings and, thus, denies ConAgra's Request for Oral Argument, [Doc. 31]. In addition, this Court holds that the Arbitrator did not step outside the scope of his authority in deciding whether there was just cause to terminate. As such, it is hereby **ORDERED** that the plaintiff's objections are **OVERRULED**. It is further **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 28], with the modifications

5

set forth above. It is also **ORDERED** that plaintiff's Motion for Summary Judgment, [Doc. 16], be **DENIED** and that defendant's Motion for Summary Judgment, [Doc. 18], be **GRANTED** to the extent that this Court **ORDERS** that the Arbitrator's Award be enforced promptly but **DENIED** to the extent that United Steelworkers requests an award of prejudgment interest on behalf of Mr. Cheek.

E N T E R:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE